## ABRAMS v. SMITH.

8b 95
143 367

Words amounting to a charge that the plaintiff had committed a penitentiary offence, but that he was insane when he committed it, are not actionable.

The defendant may demur to a part of the words laid in a count in slander.

Parol evidence is inadmissible to prove what the verdict in a previous suit was, and that there was no new trial in such suit.

In slander, until some of the actionable words laid have been proved, evidence of the *quo animo* of the defendant is inadmissible.

If in such action, the defendant give evidence tending to show that the words were not spoken maliciously, the question of malice is for the jury.

If a charge given to the jury would be correct if certain evidence were given, the Supreme Court will presume that such evidence was given, the record not showing the contrary.

The refusal to give an instruction to the jury is not error, if the same instruction, in substance, had been previously given.

The party complaining of a refusal to give an instruction to the jury must show, by the record, that there was evidence given to which the instruction was applicable.

The following instruction in slander, asked for by the plaintiff, was refused : "If the defendant gave circulation to a report maliciously against the plaintiff, it will not justify him even if he gave his author at the time," &c. *Held*, that this instruction was rightly refused, as the report might not have been slanderous.

The following instruction in such action, asked for by the plaintiff, was also refused: "A person who gives currency to a slanderous report does it at his peril; and if in this case the defendant, by repeating the words, gave currency to the report conveyed by the words in the declaration (not covered by the demurrer), he was bound to justify and prove them true, or else he cannot justify the speaking of them, and malice is inferred in the speaking." *Held*, that the repeating or first speaking of slanderous words may be often justified without proving them to be true. *Held*, also, that malice is not always inferred from the speaking of words, which, unexplained, are actionable. *Held*, also, that the Supreme Court, not being informed of the circumstances under which the words mentioned in this instruction were spoken, must presume them (the circumstances) to have been such as justified the refusal of the instruction.

The defendant may prove in such action, under the general issue, that the words were spoken on a justifiable occasion without malice.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by the appellant. There are various sets of words laid in the same count. Some of them are as follows: "*Joseph Abrams* (the plaintiff meaning) was sentenced to the penitentiary." "A man by the name of *Buchanan* told me (the defendant meaning) that *Joseph Abrams* (the plaintiff meaning) had been sentenced to the penitentiary where he came from on *White* water for removing a corner or land-mark." "*Abrams* (the plaintiff meaning) was sentenced to the penitentiary, where he came from, and got a new trial on the ground of insanity." The other sets of words were similar to those above stated. There was a demurrer to the words last above named and to the others like them, and the demurrer was sustained. Plea, not guilty, and verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

We think the demurrer was rightly sustained. The words demurred to do not amount to more than this: that the plaintiff had committed a penitentiary offence, but was insane when he committed it. The offence charged to have been committed was therefore excusable; and to charge a person with such an offence cannot be actionable. Neither is it actionable, as we believe, to charge a person with being insane. An objection is made to the demurrer, because it is only to a part of the words in the same count, but such a demurrer is sanctioned by the cases of *Cummins* v. *Butler*, 3 Blackf. 190, and *Wyant* v. *Smith*, 5 *id*. 293.

After the plaintiff had proved that the defendant had spoken words as a report from one, *Buchanan*, relative to the plaintiff's having been sentenced to the penitentiary on *White* water for removing a land-mark, and his having gotten a new trial and been acquitted on the ground of insanity, the plaintiff, for the purpose of showing the *quo animo* of the defendant, &c., offered to prove by two witnesses, that on the trial referred to the defendant was acquitted by the jury without leaving the box, that he was never convicted, and that no new trial was had; but the evidence was rejected. This parol evidence was objectionable because it was not the best that could be had. The record of the trial should have been produced. Besides, it does not appear that when this evidence was offered to show the *quo animo* of the defendant, any evidence had been given tending to show that any of the actionable words had been spoken. Until some of the actionable words had been proved, evidence of the *quo animo* was inadmissible.

On the defendant's motion, the following charge was given to the jury: "The jury are the judges whether the defendant spoke with malice, and if they believe he spoke without malice, they ought to find for the defendant." The plaintiff objected to this charge. If the defendant gave evidence tending to show that the words were not spoken maliciously, the question of malice was for the jury, and the charge was correct. We must presume that such evidence was given, the record not showing the contrary.

The following instruction was asked for by the plaintiff and was refused: "If the jury believe from the evidence, that any substantial set of the words laid in the declaration (not covered by the demurrer) has been proved by the plaintiff, with additional words that leave it doubtful in the construction of the words whether the defendant intended to impute to the plaintiff the commission of a criminal act or not, it is the province of the jury to say what construction shall be given to the words, and if they find from the evidence that the words were spoken by the defendant maliciously intending to impress it upon his hearers that the plaintiff had been guilty of a penitentiary offence, the jury should find for the plaintiff and assess his damages." This instruction amounts to nothing

May Term, 1846.

Abrams
v.
Smith.

more than that if the jury should believe from the evidence, taking it all together, that the defendant had charged the plaintiff with a crime as alleged in the declaration, they should find for the plaintiff. The same instruction, in substance, had been previously given to the jury. The previous instructions given were, 1. "The jury must take all the words which the defendant spoke at any one conversation, and if the same taken together do not amount to a charge of crime, the verdict ought to be for the defendant." 2. "If the defendant charged the plaintiff with having been sentenced to the penitentiary, and added explanatory words, these words must show that there was no imputation of a criminal charge against the plaintiff in the conversation." The instruction first above mentioned, which was asked for and refused, was therefore correctly refused, on the ground that it had previously, in substance, been given to the jury.

The following instruction, asked by the plaintiff, was refused: "If the jury believe from the evidence that the defendant couched his slanders in ambiguous terms, in hope of blasting the reputation of the plaintiff without incurring any legal liability, he cannot claim any indulgent construction of his words either from the Court or jury." It is a sufficient objection to this instruction, that it does not appear that any evidence was given to which it was applicable.

The following instruction, asked by the plaintiff, was refused: "If the defendant gave circulation to a report maliciously against the plaintiff, it will not justify him even if he gave his author at the time," &c. This means, that if the defendant maliciously circulated any report against the plaintiff, whether slanderous or not, he was liable though he gave his author, &c. The instruction was, of course, rightly refused.

The following instruction, asked by the plaintiff, was also refused: "A person who gives currency to a slanderous report does it at his peril; and if in this case the defendant, by repeating the words, gave currency to the report conveyed by the words in the declaration (not covered by the demurrer), he was bound to justify and prove them true, or else he cannot justify the speaking of them, and malice is inferred in the speaking." This instruction should not have been asked.

The repeating or first speaking of slanderous words may be often justified without proving them to be true. When they are spoken on a justifiable occasion without malice, they are excusable though false; and evidence that they were so spoken is admissible under the general issue. Malice is not always inferred from the speaking of words which unexplained are actionable. If they were spoken on a justifiable occasion, the plaintiff must prove express malice or he cannot recover. We are not informed of the circumstances under which the words in the case before us were spoken; but we must presume them (the circumstances) to have been such as justified the refusal of the instruction.

May Term,
1846.

*Per Curiam.*—The judgment is affirmed with costs.
*O. H. Smith*, for the appellant.
*W. W. Wick* and *L. Barbour*, for the appellee.