*John Baker* and *W. C. Adams*, for appellant.

*Oscar B. Hord,* Attorney-General, for appellee.

---

### SKILLEN *v.* PHILLIPS.

SLANDER.—Complaint for slander. Pleas in denial and justification. Verdict as follows: "We, the jury, find for the defendant, on the grounds that we do not believe from the evidence that the words were spoken slanderously and maliciously. We further do not believe the plaintiff guilty of theft, or feloniously abstracting wheat or flour from his customers."

*Held,* that proof, under the issues, of the fact that the words were either explained at the time they were spoken, so as to destroy the legal presumption of malice, or that they were spoken and understood as a jest, or that they were used in a privileged communication, would have sustained the finding of the jury, and that such proof could have been made under the general denial.

*Held,* also, that, as the evidence is not in the record, the court will presume such proof to have been made.

APPEAL from the *White* Circuit Court.

RAY, CH. J.—This action was brought by *Skillen* in the *White* Circuit Court, charging the defendant, *Phillips,*

with having uttered certain false and slanderous words of and concerning him, the plaintiff.

There were pleas in denial and in justification. Trial and finding by a jury in these words: "We, the jury, find for the defendant, on the grounds that we do not believe from the evidence that the words were spoken slanderously and maliciously. We further do not believe the plaintiff guilty of theft, or feloniously abstracting wheat or flour from the customers."

The evidence is not in the record, and we have simply to determine whether, under the issues, any evidence could have been received in support of the finding of the jury.

The words alleged to have been spoken implied malice in law, and the want of actual malice could not have been shown to defeat the action. The defendant, however, could show that the words were spoken, with additional words, qualifying and explaining them, so as to rebut all presumption of legal malice, and this could be done under the general issue.

In the case of *Abrams* v. *Smith*, 8 Blackf. 95. Mr. Justice *Blackford*, in delivering the opinion of the court, uses this language: "The repeating or first speaking of slanderous words may be often justified, without proving them to be true; when they are spoken on a justifiable occasion, without malice, they are excusable, though false, and evidence that they were so spoken is admissible under the general issue. If they were spoken on a justifiable occasion, the plaintiff must prove express malice or he can not recover. We are not informed of the circumstances under which the words in the case before us were spoken; but we must presume them (the circumstances) to have been such as justified the refusal of the instructions." In *Lillie* v. *Price*, 5 Adolp. & Ellis, 645, Lord *Denman*, Ch. J., said: "We have consulted the other judges on this point, and are of the opinion that the defense of privileged communication, as it goes to the very root of the matter of complaint, need not be specially pleaded."

The proof, under the issues, of the fact that the words were either explained at the time they were used, so as to destroy the legal presumption of malice, or that they were spoken and understood as a jest, or that they were used in a privileged communication, would have sustained the finding of the jury. We must presume such proof to have been made.

Judgment affirmed.

*McDonald & Roache*, for appellant.
*D. Turpie*, for appellee.