No. 7450.

COOK v. HOWE.

PRACTICE. — *General Verdict.* — *Special Finding.* — *Presumption.* —Judgment must be rendered on the general verdict whenever the special finding of facts can be reconciled therewith on any reasonable hypothesis; and the inconsistency between the special finding of facts and the general verdict must be such that it can not be reconciled or

Cook *v*. Howe.

removed, so that both may stand, before the former will so control the latter that the court will give judgment accordingly. Nothing will be presumed in aid of the special finding of facts; but every reasonable presumption must be indulged in favor of the general verdict.

SLANDER.—*Repeating or Speaking Actionable Words.*—*Malice.*—Ordinarily, malice may be inferred from the speaking or repeating of actionable words; but, if they were spoken on a justifiable occasion, the plaintiff must prove express malice or he can not recover. Where the jury found specially that the defendant spoke the alleged slanderous words, and that he spoke them in private, in good faith and without malice, there was no such inconsistency between the special findings and the general verdict for the defendant as authorized or required the court to render judgment for the plaintiff on the special findings of the jury, notwithstanding their general verdict.

From the Henry Circuit Court.

*W. March* and *J. Brown*, for appellant.

*J. H. Mellett*, *E. H. Bundy* and *M. E. Forkner*, for appellee.

HOWK, J.—This was a suit by the appellee to recover damages for slanderous words alleged to have been spoken and published by the appellant, of and concerning the said appellee. The cause, having been put at issue, was tried by a jury, and a general verdict was returned for the appellant, the defendant below. With their general verdict, the jury also returned into court their special findings upon particular questions of fact submitted to them by the parties, under the direction of the court, in substance as follows:

1st. Did the defendant speak, utter and publish, of and concerning the plaintiff, the sets of words alleged in the complaint, or the substance of them, or either of said sets of words or the substance thereof?

Ans. Yes.

2d. Were the words so spoken true or false?

Ans. False.

3d. Did the defendant, at or about the time specified in the complaint, speak, utter and publish, of and concerning the plaintiff, the following words: "I heard that Howe had

got into trouble, that he was arrested in Newcastle and had to give bail; some woman had sworn a child to him?"

Ans. Yes.

4th. Were said words so spoken true or false?

Ans. False.

5th. Did the plaintiff have connection or commit adultery with C *** W ***, the wife of J *** W ***, at a tenant-house on plaintiff's farm, in Wayne county, Indiana, on the 10th day of November, 1876, or at any time or place?

Ans. No.

In answer to interrogatories submitted by the court at the appellant's request, the jury also returned their special findings of facts, as follows:

1st. Were not the words charged in the complaint, and found spoken by the jury, spoken in private to Carr alone, and in answer to an inquiry made by Carr as to what he, Cook, knew of a report at Newcastle, or in Henry county, prejudicial to the plaintiff, in good faith without malice, and did not Cook at the time tell Carr, that he, Cook, did not believe the report true, and request Carr not to mention it?

Ans. Yes.

2d. Had not Cook, previous to speaking the words to Carr, been told there was such a report about the plaintiff as he stated to Carr?

Ans. Yes.

The appellee moved the court in writing, "to render judgment for him on the verdict and answers of the jury to interrogatories in said cause;" which motion was sustained by the court, and to this ruling the appellant excepted. Thereupon the court rendered judgment, that the appellee recover of the appellant his costs and charges herein laid out and expended, to the rendition of which judgment the appellant at the time excepted.

From this judgment this appeal is prosecuted, and the ap-

pellant has assigned errors in this court, which call in question the decisions of the trial court, in sustaining the appellee's motion for a judgment in his favor on the verdict and special findings of the jury, and in the rendition of said judgment.

These errors seem to us to be well assigned. There was no inconsistency between the general verdict and special findings of facts, which would require the court to render judgment for the appellee upon the special findings of the jury in his favor, notwithstanding the general verdict for the appellant. Section 337 of the code provides, that, "When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." In construing this section of the code, it has been uniformly held by this court, that the inconsistency between the special finding of the facts and the general verdict must be of such a character that it can not possibly be reconciled or removed, so that both may stand, before the trial court can be required, or will be authorized, to render a judgment upon such special finding against the party in whose favor the jury have found in their general verdict. In *Ridgeway* v. *Dearinger,* 42 Ind. 157, the court said: "If the special findings can, upon any hypothesis, be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party who has the general verdict in his favor." *Amidon* v. *Gaff,* 24 Ind. 128; *New* v. *Wambach,* 42 Ind. 456. In the recent case of *McCallister* v. *Mount,* 73 Ind. 559, it is said: "The court will not presume anything in aid of the special findings of fact, but, on the contrary, will indulge every reasonable presumption in favor of the general verdict."

In the case at bar, the jury found in their special findings of fact, that the appellant spoke and published in private to one Carr, in good faith and without malice, the alleged slanderous words, and that the words spoken were false; and

that he spoke such words in response to a question by Carr, and told him at the time that he did not believe the report to be true, and requested Carr not to mention it.    There is absolutely nothing in the facts thus specially found, as it seems to us, which authorized or required the court to render judgment thereon, or which was so inconsistent with the general verdict as not to be easily reconcilable therewith. In *Abrams* v. *Smith*, 8 Blackf. 95, in delivering the opinion of this court, BLACKFORD, J., said : "The repeating or first speaking of slanderous words may be often justified, without proving them to be true.    When they are spoken on a justifiable occasion without malice, they are excusable though false ; and evidence that they were so spoken is admissible under the general issue.    Malice is not always inferred from the speaking of words which unexplained are actionable. If they were spoken on a justifiable occasion, the plaintiff must prove express malice or he can not recover."    In such cases malice is the gist of the action, and it would seem that malice might have been implied from the mere speaking of the words, if the jury had not specially found that the words were spoken by the appellant in good faith and without malice.    *Skillen* v. *Phillips*, 23 Ind. 229.    Upon this point, that the words were spoken by the appellant without malice, there is entire harmony, in this case, between the special findings of facts and what must have been impliedly found by the jury in their general verdict.    In the absence of any inconsistency between the special findings of fact and the general verdict, upon the controlling question of the want of malice, we are of the opinion that the court erred in sustaining the appellee's motion for a judgment in his favor, notwithstanding the general verdict in favor of the appellant.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule appellee's motion for judgment, and to render judgment for the appellant upon the general verdict, for his costs in this action expended.