# CADLE v. McINTOSH.

[No. 7,736. Filed November 8, 1912.]

1. LIBEL AND SLANDER.—*Pleading.*—*Proof.*—In an action for slander, where defendant was charged with saying that plaintiff was a thief, a drunkard and a gambler, the plaintiff, to establish his case, was required to prove only the publication by defendant of the libelous language concerning him, as alleged in the complaint. p. 369.

2. LIBEL AND SLANDER.—*Privileged Communications.*—*Absolute Privilege.*—*Right of Action.*—The law of libel and slander recognizes two classes of privileged communications, absolute and qualified, and, where the communication is made under such circumstances as to constitute an absolute privilege, no right of action acrues, even though the words would be otherwise actionable. p. 370.

3. LIBEL AND SLANDER.—*Privileged Communications.*—*Qualified Privilege.*—*Action.*—*Proof.*—A communication made in good faith on any subject-matter in which the party making the communication has an interest, or in reference to which he has a duty either public or private, either legal, moral or social, if made to a person having a corresponding interest or duty, is within the rule of qualified privilege, and, under such circumstances, an action

therefor will fail unless express malice is shown by a preponderance of the evidence. p. 370.

4. LIBEL AND SLANDER.—*Privileged Communications.—Qualified Privilege.—Communication to Members of Lodge.*—A member of a lodge has such an interest in the character and qualifications of persons seeking admission thereto, as will warrant him in communicating to other members of the order, having a like interest, anything that he might know regarding the character, qualifications or fitness of such persons, and if he makes such a communication in good faith, without malice or ill-will, for the sole purpose of preventing the admission to the order of someone he deems unworthy, he is not answerable in damages therefor. p. 370.

5. LIBEL AND SLANDER.—*Qualified Privilege.—Pleading.—Proof.*—In an action for slander, facts showing that the communication was made under circumstances of qualified privilege may be proved under the general denial. p. 371.

6. LIBEL AND SLANDER.—*Pleading.—Proof.—Malice.*—Malice is an essential ingredient of every action for slander, and where the malice arises by implication of law from the speaking of the slanderous words, it need not be alleged in the complaint, but is established by proof that the words were spoken to or in the presence of a third party. p. 372.

7. LIBEL AND SLANDER.—*Implied Malice.—Rebutting Implied Malice.—Proof.*—Implied malice shown by the speaking of slanderous words cannot be rebutted by evidence proving or tending to prove a want of actual or express malice, but can be rebutted only by proof of facts showing the utterance of such words on an occasion of absolute or qualified privilege. p. 372.

8. LIBEL AND SLANDER.—*Privileged Communications.—Malice.*—In an action for slander, where the facts show an absolute privilege, malice is conclusively rebutted; but if the occasion shown is merely one of qualified privilege, the absence of malice is established only *prima facie*, and such *prima facie* defense may be overcome by proof of actual or express malice. p. 372.

9. LIBEL AND SLANDER.—*Qualified Privilege.—Malice.—Complaint.*—Where a complaint for slander discloses facts constituting a qualified privilege, express malice must be alleged. p. 372.

10. LIBEL AND SLANDER.—*Evidence.—Express Malice.*—In an action for slander, where there is no evidence tending to prove an occasion of qualified privilege, express malice on the part of defendant may be proved to enhance the damages; and an absence of express malice may be proved by the defendant in mitigation of damages, but not as a defense. p. 372.

11. LIBEL AND SLANDER.—*Express Malice.—Burden of Proof.*—In an action for slander, where the slanderous words were spoken on an occasion of qualified privilege, plaintiff has the onus of

proving express malice, and defendant need not prove that he did not act maliciously until plaintiff has introduced some evidence of actual malice. p. 372.

12. LIBEL AND SLANDER.—*Evidence.*—*Malice.*—In an action for slander, the fact that the information was volunteered by defendant, is no evidence of malice, if it was his duty to volunteer it, since he may have been influenced in his conduct by the highest motives. p. 373.

13. LIBEL AND SLANDER.—*Express Malice.*—*Evidence.*—*Sufficiency.* —In an action for slander, where the evidence showed that defendant, under circumstances of qualified privilege, told members of his lodge that plaintiff, who was an applicant for membership therein, was a thief, a drunkard and a gambler, and also stated that plaintiff, on one occasion in company with two others, had waylaid him and beaten him, such evidence was sufficient to require the submission of the question of express malice to the jury. p. 373.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Emmet H. Cadle against John W. McIntosh. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Will H. Talbott, Milton B. Hottel* and *Wilbur W. Hottel,* for appellant.

*Elliott & Houston,* for appellee.

LAIRY, J.—This was an action for slander. Appellee filed an answer of general denial to the complaint of appellant, and the issue thus formed was submitted to a jury for trial. After plaintiff had introduced his evidence and rested, defendant made a motion for a peremptory instruction in his favor. This motion was sustained, and the court thereupon instructed the jury in writing to return a verdict for defendant. A verdict was returned in obedience to this instruction, and the court rendered judgment thereon. Appellant saved his exceptions to the giving of the peremptory instruction, and filed a motion for a new trial, in which this was assigned as error. The court overruled the motion, and this ruling is assigned as error on appeal, and presents the only ground relied on for reversal.

The slanderous words alleged to have been spoken by appellee of and concerning appellant were that he was a thief, a drunkard and a gambler. The speaking of the same set of words is charged in different forms in five paragraphs of complaint. Whether the trial court was justified in giving the peremptory instruction complained of must depend on the evidence.

The evidence consists entirely of the testimony of three witnesses, and tends to prove that defendant spoke the slanderous words, charged in the complaint of and concerning plaintiff, in a bank at Orleans, Indiana, in the presence of Joncc Monyhan, Homer Fisher and Alfred Parish. The evidence further shows that defendant was at the time a member of the Lodge of Knights of Pythias, and that he lived in Hardinsburg, about twenty miles from Orleans; that he was in Orleans on that occasion in an attempt to prevent plaintiff from becoming a member of the Knights of Pythias Lodge at Orleans; that all the persons to whom the communication in question was made belonged to the order of Knights of Pythias, and that plaintiff was taking the work at Orleans, and had taken some of the degrees at the time the conversation in question took place.

Mr. Monyhan testified, in substance, as follows: Sometime the first of the year I had a conversation with defendant, McIntosh, there at our bank—the Citizens Bank of Orleans, Indiana. He came into the bank to talk with me concerning plaintiff, Cadle, taking the work of the "Pythian Lodge." He discussed the matter, but I do not remember all that was said. I remember that he said that plaintiff was not a man capable nor fit to become a "Knight". He told me that he (Cadle) had been blackballed over at his town of Hardinsburg. He said he was over to try to keep our lodge from taking him in; that he was not a man that was fit to belong to the lodge; that he was a gambler and a thief. He said that Cadle, and one or two other men waylaid him and

beat him.   He also said that he (Cadle) was a drunkard.
Mr. Parish was in the bank, and I think Homer Fisher came
in· during the conversation.   Mr. Parish was present during
all the conversation.   He was at work in the bank.   All of
us were Knights of Pythias, and he was talking to me about
Cadle joining or going into the lodge.

The evidence further shows that none of the persons to
whom this conversation was made was a member of any com-
mittee to investigate the fitness of appellant to become a
member of the lodge, and that none of them asked Mr. Mc-
Intosh as to the character of Mr. Cadle or his fitness to be-
come such a member, but that appellee introduced the sub-
ject.   Appellee was informed, as shown by the evidence, that
Albert Martin was on the investigating committee, and that
the matter had gone too far; that appellant had already
taken part of the work, and that appellee would have to take
other action.

To establish his case, plaintiff was required to prove only
the publication by defendant of the libelous language con-
cerning him, as alleged in the complaint.   The evi-
1.   dence is not wanting in this particular, but it is as-
serted, on behalf of defendant, that the trial court
was, nevertheless, warranted in directing a verdict in favor
of defendant, for the reason that the evidence of plaintiff,
without dispute, discloses a state of facts from which the
court must say that the occasion on which · the alleged
libelous language was used was one of qualified privilege;
and that plaintiff cannot recover under such circum-
stances without proof of express malice; and that there is no
evidence proving, tending to prove, or from which the jury
might properly infer, actual malice on the part of defendant.

Appellant contends (1) that the facts disclosed by the
evidence do not show an occasion of qualified privilege; (2)
that a qualified privilege cannot be proven, or, if proven,
cannot be considered as a defense unless specifically pleaded;

and (3) that there is evidence in the record from which the jury might properly have inferred express malice, and that the facts should, therefore, have been submitted to the jury.

The law of libel and slander recognizes two classes of privileged communication, absolute and qualified. If the communication is made under such circumstances as to constitute an absolute privilege, no right of action accrues, even though the words, spoken or written, would otherwise be actionable. We need not consider the circumstances constituting an absolute privilege, for the reason that it is conceded by both parties to this controversy that if the circumstances under which the words were spoken constitute a privilege at all, it was only a qualified privilege.

The rule in reference to a qualified privilege is that a communication made in good faith on any subject-matter in which the party making the communication has an interest, or in reference to which he has a duty either public or private, either legal, moral or social, if made to a person having a corresponding interest or duty, is privileged. The fact that words otherwise actionable are spoken under such circumstances rebuts the inference of malice which would otherwise arise as a matter of law from the speaking of the words. · Plaintiff must then establish express malice by a preponderance of the evidence, or fail in his action. *Henry* v. *Moberly* (1893), 6 Ind. App. 490, 33 N. E. 981. The case cited contains such a full discussion of the subject of qualified privilege, with such an elaborate citation of authorities that a further discussion is deemed unnecessary in this case. It is sufficient to say, that it appears from the evidence that appellee, as a member of the order of Knights of Pythias, had such an interest in the character and qualifications of persons seeking admission to the order as would warrant him in communicating to other members of the order, having a like interest, anything that he might know regarding the character, qualifications or fitness of such persons. If, under such circumstances, he made

the statement, charged in the complaint, to other members of the order, in good faith, and for the sole purpose of preventing one whom he deemed unworthy from becoming a member, he is not answerable in damages. But, on the other hand, if he was prompted by actual malice and ill-will toward appellant, and sought the occasion as a means of venting the spite and ill-will which he entertained toward him, the circumstances under which the communication was made, would afford him no protection.

The next question to be considered is, Can evidence that the words were spoken on an occasion of qualified privilege be considered under an issue formed by the general 5. denial to rebut the implied malice which arises from the speaking of slanderous words? At common law, it seems that evidence of this character was admissible under the general issue. 13 Ency. Pl. and Pr. 88; 2 Greenleaf, Evidence (15th ed) §421; Townshend, Slander and Libel §403; Newell, Slander and Libel 788; *Hagan* v. *Hendry* (1861), 18 Md. 177, 191; *Hackett* v. *Brown* (1871), 2 Heisk. (Tenn.) 264, 272; *Atwater* v. *Morning News Co.* (1896), 67 Conn. 504, 34 Atl. 865; *Fero* v. *Ruscoe* (1850), 4 N. Y. 162; *Torrey* v. *Field* (1838), 10 Vt. 353; *Johnson* v. *Brown* (1878), 13 W. Va. 71. But under the code of some states, a special answer is required in order to admit such evidence. *Gilman* v. *McClatchy* (1896), 111 Cal. 606, 44 Pac. 241; *Hess* v. *Sparks* (1890), 44 Kan. 470, 25 Pac. 580; *Goodwin* v. *Daniels* (1863), 89 Mass. (7 Allen) 61; *Hawkins* v. *Globe Printing Co.* (1881), 10 Mo. App. 174; *Harper* v. *Harper* (1874), 10 Bush (Ky.) 447, 455. In Indiana, however, it has been held uniformly that facts showing an occasion of qualified privilege may be proved under the general denial. *Abrams* v. *Smith* (1846), 8 Blackf. 95; *Skillen* v. *Phillips* (1864), 23 Ind. 229; *Cook* v. *Howe* (1881), 77 Ind. 442.

Malice, either express or implied, is an essential ingredient of every action of slander. As implied malice arises as

a necessary inference of law from the speaking of slanderous words, it need not be alleged in the complaint; and it is established by proof of the speaking of the slanderous words to or in the presence of a third party. This implied malice cannot be rebutted by evidence proving or tending to prove a want of actual or express malice; but can be rebutted only by proof of facts showing that the words were spoken on an occasion which afforded defendant an absolute or a qualified privilege for speaking them. If facts showing an absolute privilege are established, malice is conclusively rebutted; but, if the occasion shown is one of qualified privilege, merely, the absence of malice is established only *prima facie,* and the plaintiff may overcome this *prima facie* defense by proof of actual or express malice.

If the averments of a complaint disclose facts constituting a qualified privilege, express malice must be averred. *Henry* v. *Moberly, supra.* Express malice on the part of defendant may be proved, in cases where there is no evidence tending to prove an occasion of qualified privilege, to enhance the damages; and an absence of express malice may be proved by defendant in such cases, and may be considered in mitigation of damages, but not as a defense.

The court committed no error in directing a verdict in favor of defendant in this case, unless there is evidence in the record from which the jury might have properly inferred that defendant was actuated by express malice. The onus of proving express malice in such a case as this, lies with plaintiff. Defendant cannot be called on to prove that he did not act maliciously, until some evidence of actual malice has been introduced by plaintiff. It appears from the evidence that appellee had come twenty miles to impart to the members of Orleans Lodge the information that appellant was a drunkard, a

Cadle *v.* McIntosh—51 Ind. App. 365.

gambler and a thief. The fact that the information was volunteered, is no evidence of malice, if it was his duty to volunteer it. He may have been influenced in his conduct by the highest motives, a love of the order and a laudable desire that none except men of good morals and of the highest character for honesty should become members; but there was evidence from which the jury would have been justified in finding that he acted from a different motive. Appellee told the gentlemen with whom he conversed of his own private grievance against appellant. He said that appellant, on one occasion, in company with two others, had waylaid him and beaten him. It may be that this treatment by appellant engendered in the breast of appellee feelings of resentment and hatred against him, and that these feelings were still harbored, and furnished a motive for the charges made. If the case had been submitted to the jury under proper instructions on the subject of express malice, it might have found that appellee made the charges complained of, not from a sense of duty, but from personal resentment, and that the object of the conversation was to prejudice appellee because of such personal resentment. There is some evidence in the record on which a verdict for plaintiff could rest. The court, therefore, erred in directing a verdict for defendant.

Judgment reversed, with instructions to grant a new trial.

Hottel, C. J., not participating.

NOTE.—Reported in 99 N. E. 779. See, also, under (2) 25 Cyc. 375; (3) 25 Cyc. 385, 523; (4) 25 Cyc. 398; (5) 25 Cyc. 480; (6) 25 Cyc. 444; (7) 25 Cyc. 524; (8) 25 Cyc. 523; (9) 25 Cyc. 445; (10) 25 Cyc. 420, 536; (11) 25 Cyc. 492; (12) 25 Cyc. 494; (13) 25 Cyc. 549. As to the law of slander when the words complained of are libelous *per se*, see 116 Am. St. 804-816. Qualified privilege of communication between members of an association or of a private corporation, see 26 L. R. A. (N. S.) 1080.