MARIE SANDERS *v.* ROSEMARY STEWART AND JANIE JOHNSON, AN INCOMPETENT PERSON REPRESENTED BY THE FRANKLIN BANK AND TRUST COMPANY, HER GUARDIAN, D/B/A JANIE'S NURSING HOME.

[No. 1-273A28. Filed July 24, 1973.]

*Griggs & Arkenberg,* of Franklin, for appellant.

*Acher & Gholston,* of Franklin, for appellees.

LOWDERMILK, J.—Plaintiff-appellant filed her complaint alleging libel, to which defendants-appellees filed answer and subsequently filed their motion to dismiss under Rule TR. 12(B)(6). This is an appeal from the sustaining of that motion to dismiss.

The complaint alleges that plaintiff was a nurse's aide in the employ of defendant. Plaintiff was discharged from said employment and subsequently made application with the Indiana Employment Security Division for unemployment compensation. Said Division sent their Form 603 to the defendant, asking the defendant to fill out said form in order that plaintiff's claim for benefits could be processed. Defendant filled out Form 603, signed and returned it to the Indiana Employment Security Division. The defendant-appellee, Stewart, stated the reasons for which the plaintiff-appellant was discharged and it is this statement of reasons that plaintiff-appellant contends in her complaint is libelous.

Plaintiff-appellant first contends that for the purpose of considering the motion to dismiss, all facts in the complaint must

be taken as true and with this we agree. Plaintiff-appellant's complaint alleged libel and she contends that the complaint alleges the necessary elements to constitute a claim based on libel per se, or, alternatively, libel per quod, including an averment of actual malice.

The principal issue to be dealt with in this case is whether the defendant-appellee's written statement, requested by and furnished to the Indiana Employment Security Division, was privileged, and if so, what kind of privilege.

The statute dealing with privilege in this type of situation is Ind. Ann. Stat. § 52-1542h (Burns 1964 Repl.), which is in the words and figures as follows:

> "52-1542h. Obedience to subpoena—Privilege—Freedom from prosecution or penalty, except for perjury—Civil actions.—No person shall be excused from attending and testifying or from producing books, papers, correspondence, memoranda, and other records before the board, the review board, a referee, or the duly authorized representative of any of them, in obedience to the subpoena of any of them in any cause or proceeding before any of them, on the ground that the testimony or evidence, documentary or otherwise, required of him may tend to incriminate him or subject him to a penalty or forfeiture; but no individual shall be prosecuted or subjected to any penalty or forfeiture for, or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, documentary or otherwise, except that such individual so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying. *Any testimony or evidence submitted in due course before the board, review board, a referee, or any duly authorized representative of any of them shall be deemed a communication presumptively privileged with respect to any civil action except actions to enforce the provisions of this act.*" (Our emphasis.)

Plaintiff-appellant contends that the word "presumptively" in the statute expresses the legislative intent that the privilege be a qualified privilege. It is appellant's position that if the

privilege is qualified it may be rebutted and, taking the allegations of the complaint as true, it would necessarily rebut the presumption and become a question for the trier of the fact.

Plaintiff-appellant argues that had the Legislature intended that the privilege be an absolute privilege or a conclusive presumption of privilege, then it would have used those express words. Appellant refers to two other statutes, Burns § 40-1403 (a) and Burns § 40-2207 (b) where the words "conclusively presumed" were used.

Appellant relies on the case of *Stahl* v. *Kincade* (1963), 135 Ind. App. 699, 192 N.E.2d 493. In *Stahl*, a complaint was filed to which the defendant filed a counterclaim. This counterclaim was dismissed but the defendant filed another counterclaim which contained substantially the same allegations, that being adulterous conduct by the plaintiff. The plaintiff then filed an action for libel, based on the counterclaims. Defendant demurred and the trial court sustained the demurrer. This court, on appeal, reversed on the grounds that the counterclaims were not relevant to the issues as formed by the original complaint and did not come under the absolute privilege given to judicial proceedings.

The court in *Stahl* cited the case of *Cadle* v. *McIntosh* (1912), 51 Ind. App. 365, 370, 99 N.E. 779, as follows:

" 'The law of libel and slander recognizes two classes of privileged communication, absolute and qualified. If the communication is made under such circumstances as to constitute an absolute privilege, no right of action accrues, even though the words, spoken or written, would otherwise be actionable.' [Cases cited omitted.]"

The court then cited 33 Am. Jur., *Libel and Slander*, § 149, p. 144 as follows:

" '. . . The prevailing rule in the United States is that such statements are privileged when pertinent and relevant to the subject under inquiry, however false and malicious

such statements may be. But statements in pleadings are not privileged if they are not relevant or pertinent to the subject matter of the action. . . .' "

The court then concluded, in *Stahl,* that statements which were pertinent or relevant to litigation were privileged. The court relied on 33 Am. Jur., *Libel and Slander,* § 150, p. 146 for principle that the question of relevance is a matter of law for the court to decide and statements should be liberally construed in favor of relevance. The court adopted the rule that:

> " '. . . The matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial.' "

Defendant-appellee, Stewart, contends that the statute, Burns § 52-1542h, *supra,* extends an absolute privilege to the defendant and that the court properly granted the motion to dismiss. Appellee argues that the word "presumptively" in the statute refers to the presumption that the statement given by the defendant was presumed to be relevant in dealing with the questions involved and covered by the Form 603. Appellee points out that the plaintiff's complaint alleged that the statement was sent at the request of the Indiana Employment Security Division on their Form 603 for the use of the Division. The statement given is as follows:

> "Mrs. Sanders was dismissed for misconduct in connection with her work. She did not do work as assigned. Two days (perhaps many more) she did not do anything for the patients assigned to her. These were seriously ill patients who needed considerable care. One of the patients died the following day. They were supposed to be fed, bathed, turned, linen changed, given water etc., Mrs. Sanders was angry and did not do anything for the patients.

She was transferred to the evening shift to see if she would do better. For awhile she did but soon fell into old habits. The three women who worked with her said she did not do her work and that they had to do a good part of her work also. This was found to be true. She used swear words loudly at times and often told families things that should not have been repeated.

She refused to take temperature, pulse, respiration, blood pressure and she refused to irrigate catheters and insert suppositories. These are all aide duties. Since she has been dismissed she has caused considerable unpleasantness and threatened bodily harm to the Nurse in charge of the shift that she worked. She came into the Nursing Home on February 8th for 3 hours. She went from patient to patient and caused unrest with what she had to say.

I do not believe Mrs. Sanders is entitled to benefits. I understand that she admitted to you that she had been told on several occasions of her 'misconduct'. She was given several months to improve but failed to do so."

Defendant-appellee's contention is that the above quoted statement was afforded an absolute privilege under the statute and no action for libel can be based on the statement; that the Legislature did not intend to equate the word "presumptively" with the word "qualified," but, rather, intended an absolute privilege to attach to testimony made or statements given, relative to legitimate purposes of the Unemployment Compensation Act. It would make no difference whether the statement is otherwise actionable if it indeed falls under the absolute privilege. 33 Am. Jur., *Libel and Slander*, § 124.

Defendant-appellee further contends that the entire statement is relevant to the issue of the plaintiff's attitude toward her employer and all statements were in direct reference to the reasons for the discharge.

An examination of Burns § 52-1542h shows that the statute is not clear as to the type of privilege the Legislature was attempting to denominate. The term "communication presumptively privileged" is ambiguous. However, this court

cannot agree with defendant-appellee that "an absolute privilege" was created.

The court, in *Stahl* v. *Kincade, supra,* while discussing the analogous privilege of witnesses in judicial proceedings, quoted the case of *Hutchinson* v. *Lewis* (1881), 75 Ind. 55, 60, as follows:

> " '. . . All statements of a witness, as a general rule, are absolutely privileged. *Those that are not are presumptively so, and, therefore, before a witness can be held liable for the latter this presumption must be overcome by showing affirmatively that such statements were false and malicious. . . .*' " (Our emphasis.)

The logical inference of the term "presumptively" ▮ is that a privilege may be rebutted. Thus, a qualified privilege has been created by the statute.

To hold that an absolute privilege was created would open the door to the possibility of abuse by employers answering a Form 603. An employer could report anything, whether true or not, with any kind of intent, including malicious, and be immune from libel actions. Our interpretation of a qualified privilege will not create undue hardship on employers whereby employers would be afraid to give the reasons for discharge. All that is required is that employers be truthful in their reasons given for discharge.

The rule is properly stated in *Cadle* v. *McIntosh, supra,* as follows:

> "The rule in reference to a qualified privilege is that a communication made in good faith on any subject-matter in which the party making the communication has an interest, or in reference to which he has a duty either public or private, either legal, moral or social, if made to a person having a corresponding interest or duty, is privileged. The fact that words otherwise actionable are spoken under such circumstances rebuts the inference of malice which would otherwise arise as a matter of law from the speaking of the words. Plaintiff must then establish express malice

by a preponderance of the evidence, or fail in his action. . . ."

Malice is an essential element of libel. The court, in *Cadle*, discussed malice in the following manner:

". . . If facts showing an absolute privilege are established, malice is conclusively rebutted; but, if the occasion shown is one of qualified privilege merely, the absence of malice is established only *prima facie*, and the plaintiff may overcome this *prima facie* defense by proof of actual or express malice.

If the averments of a complaint disclose facts constituting a qualified privilege, express malice must be averred. . . ."

The court went on to say that malice may be proved by evidence with the burden resting with the plaintiff although the defendant could introduce evidence to show an absence of malice.

In the case at bar appellant has alleged falsity and malice in her complaint. As heretofore stated, the facts alleged in the complaint are considered as true for purposes of a motion to dismiss. The complaint on its face rebuts the presumption of no malice and removes the qualified privilege, at least at the pleading stage.

Appellant cites 37 Notre Dame Law, 421, 425 (1962), which sets forth the states which have granted the communications made by employers to unemployment compensation commissions "only a qualified privilege which is overcome by proof of the existence of malice or unreasonableness." This Law Journal article also discusses the number of states that have an absolute privilege in cases of unemployment compensation.

We commend the writer of the article for his research and good work. However, we feel that the laws of the State of Indiana and the decisions on the same respond so well to the question here in issue that they are sufficient guidelines for

the courts to follow in questions like the one presented here for review.

The Law Journal article concludes that the employer should have complete immunity from suit on his disclosures since none of the matter is published to those outside the commission and therefore what harm could the employee actually suffer? He is of the opinion that this creates only a "technical" libel for which no redress should be given.

The article further states that the state legislatures should respond with the inclusion of an absolute privilege in their statutes and in the absence of legislative activity the courts should not refuse to protect an employer who is faced with the problem of whether to disclose his information and face a possible defamation suit or refuse to file his report and face a monetary penalty or imprisonment.

Indiana's Legislature has, by Burns Ind. Ann. Stat. § 52-1542h (IC 22-4-17-9) made the disclosure in cases of this kind qualifiedly privileged. Certainly there is no need for judicial legislation on this matter in Indiana even though such action by the court was proper.

Burns Ind. Ann. Stat. § 52-1544e (IC 22-4-19-6), Records of employing units—Inspection by board—Reports—Information confidential, exceptions—Violations by employees of board—Penalty, provides, in part, as follows:

"... Information thus obtained or obtained from any person pursuant to the administration of this act and the records of the division shall be confidential and shall not be published nor be open to public inspection, in any manner, revealing the individual's or the employing units' identity, except in obedience to an order of Court of jurisdiction in any judicial proceeding relating to any violation or disregard of the provisions of this act; ... Provided, further, That the director in his discretion may make such information as he sees fit available to any other agency of the United States of America, or of the state of Indiana. ..."

It is true that the statute provides that any employee of a board who violates any provision of the section shall be guilty of a misdemeanor and on conviction may be fined, to which imprisonment may be added.

It appears to this court that although the cited statute is to deter board employees from exposing confidential matters it probably will not in all cases achieve that goal. Therefore, as the privilege in this case is not absolute but is presumptive, the statute cannot exculpate the appellee for her remarks in the report which were alleged to have been libelous and which report, under the statute, could have been published.

Having alleged malice, appellant has stated a claim upon which relief could be granted and should be allowed her day in court, where she will have the opportunity to prove malice and the other elements of libel, if such did exist as alleged.

For the above stated reasons the motion to dismiss was improperly granted and this cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 298 N.E.2d 509.