Swafford *et al. v.* Kitch.

---

SWAFFORD ET AL. *v.* KITCH.

DEMURRER.—A demurrer to a complaint for want of sufficient facts admits, for the purpose of the consideration of the demurrer, that the facts are as alleged in the complaint.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellants.

*J. Brownlee,* for appellee.

DOWNEY, J.—Kitch sued Christian L. and William H. Swafford in the Grant Common Pleas, and in connection with his action sued out an attachment, by virtue of which the sheriff seized certain personal property of Christian L. Swafford, one of the defendants. Thereupon, he, with Corbin Jackson and Stephen M. Sherman, executed to the plaintiff the bond which is the foundation of this action, and the attached property was thereupon delivered to him. The condition of the bond is as follows:

"Now, therefore, should the said C. L. Swafford properly keep and take care of said property and deliver the same to said sheriff promptly on demand, or so much thereof as may be required to be sold on execution to satisfy any judgment that may be recovered against him in said action, or pay to the sheriff the full appraised value of said property, not exceeding the amount of such judgment, interest and costs which may be recovered against him in such proceedings in attachment, then the above obligation shall be void, else to remain in full force."

It is alleged that judgment was rendered in the action against the defendants for three hundred and fifty dollars and costs, and that the attached property be sold; that an execution was issued on the judgment; that the property was demanded by the sheriff of the defendants; that they refused to deliver the property to the sheriff or to pay the appraised value thereof; and that the execution was returned, no property found.

There was a demurrer to the complaint by the defendants, which was overruled; issues were formed, and there was a trial, finding and judgment for the plaintiff, motions for a new trial and in arrest of judgment having been made and overruled.

Errors are assigned as follows:

1. Overruling the demurrer to the complaint.
2. Refusing to grant a new trial.
3. Overruling the motion in arrest of judgment.

The first and third assignments present but one question,

that is, the sufficiency of the complaint. The bond was evidently executed under sec. 168, p. 143, 2 G. & H., and not under sec. 172, 2 G. & H. 143. The substance of the objection to the complaint and the proceedings and judgment is, that there was no finding or judgment in the attachment which justifies an action on the bond; and in the second paragraph of the answer the defendants allege that fact, and in support of it attach to their answer a copy of the bill of exceptions, to show that no evidence in support of the attachment was introduced at the trial. But we suggest that this cannot avail the defendants, that the judgment is conclusive that there was an order for the sale of the attached property, and that the defendants cannot be allowed to aver and prove the contrary in contradiction of the record of the judgment. We think, however, that the question is not presented by the assignments of error which we are now considering. The complaint alleges that such a judgment was rendered, and the demurrer, for the purposes of this question, admits the fact to be as alleged.

There is no bill of exceptions in the record, and therefore the question is not presented by the second assignment of error.

The judgment is affirmed, with five per cent. damages and costs.