No. 836.

## Henry v. Moberly.

Libel.—*Classes of Such Actions.*—*Complaint.*—*Necessary Averments and Proof in Each Class.*—*Privileged Communications.*—There are two classes of actions that may be maintained for libel, viz. : 1.   Where the occasion is not one of privilege.  2.   Where the occasion is one of qualified privilege. In the *first* of these classes it is only necessary to allege and prove the. publication of the libelous language by the defendant concerning the plaintiff; but, in the *second* class, where the complaint shows upon its face that the communication was a privileged one, it is incumbent on the plaintiff to allege in express terms that defendant acted maliciously, or aver and prove facts sufficient to negative the rights which accrue to the defendant on account of such privilege.   There is no redress for a. libel written under circumstances of absolute privilege.

Same.—*Privileged Communication.*—*Question of Law.*—As to whether a communication is a privileged one, is a question of law for the court.

Same.—*Privileged.Communication.*—*Onus Probandi.*—Where the communication is a qualified privileged one, the burden of proof is on the plaintiff to prove actual or express malice on the part of the defendant.

Same.—*Complaint.*—*Allegation of Malice.*—*Force of Such Allegation.*—The averment in an action for libel that the defendant published the "malicious" language complained of, is equivalent to saying that the language was published without sufficient excuse, and is not sufficient to show express or actual malice.

Same.—*Privileged Communication.*—*Matter of Defense.*—*When Need not be Pleaded.*—The fact that a communication is a privileged one is, ordinarily, a matter of defense, but where such fact is shown by the complaint, it will not be required to be pleaded in defense.

Quære, in an action for libel on a qualified privileged communication, is it necessary to allege and prove a want of probable cause?

From the Owen Circuit Court.

*W. R. Harrison, D. E. Beem* and *W. Hickam,* for appellant.

*J. N. Fowler* and *W. A. Pickens,* for appellee.

Davis, J.—This action was instituted by appellee against appellant, upon a charge of libel and slander.   The complaint is in three paragraphs.   The first two are based upon

charges of libel; the third, upon a charge of slander. To the third paragraph, the court below sustained a demurrer, and the cause was tried upon the first and second paragraphs of the amended complaint charging libel. The trial resulted in a verdict and judgment in favor of appellee for $2,000.

The first question which is presented for our consideration arises on the ruling of the Circuit Court in overruling the demurrer of appellant to the first and second paragraphs of the complaint. Each of these paragraphs charge, that prior to the commission of the grievance, of which complaint is made, the appellee enjoyed a good name and reputation among her neighbors, and all who knew her, and had never been suspected of dishonesty or of untruthfulness, nor had her moral character ever been called in question or suspected, and that for several years prior to June 21st, 1889, appellee had been, and was, a school teacher, teaching school in the counties of Monroe and Owen, and in the graded schools of the town of Gosport, Owen county, Indiana; that at said date she was an applicant for a position as teacher in the graded schools of said town of Gosport; that said James R. Henry, appellant herein, George P. Lee, and Asabel Wampler, constituted the board of school trustees of said town, before whom her application for employment as a teacher was pending; that when her said application came to be heard and considered, said appellant filed his written protest before said board, objecting to, and protesting against, the employment of appellee by said board to teach in said schools, and in said protest, uttered and published of and concerning appellee the following false, malicious and libelous language as set out in the first paragraph of the complaint, to wit:

"Her (plaintiff, meaning) character and conduct are not such as would give a right influence over her pupils," and "For claiming wages not due her, and making statements

which, in my opinion, she knew to be false, in order to obtain them." And, as set out in the second paragraph of the complaint, the alleged libelous language is:

"I, James R. Henry, submit the following as my protest against the employment of Mary R. Moberly as a teacher in the Gosport school: For claiming wages not due her, and making statements which, in my opinion, she knew to be false, in order to obtain them."

After setting out by inuendo, in proper connection to each set of words pleaded in the respective paragraphs, each paragraph concludes by stating that she was employed by said board to teach in said school, and that by reason of said libel the license of appellee, as a school teacher, was revoked by the State superintendent of public instruction, and thereby she was prevented and prohibited from practicing her profession as a school teacher for one year, at which profession she could have earned the sum of $3.00 per day, and that by reason of said libel she has been injured in her good name and reputation, all to her damage, in the sum of $10,000. No prayer for judgment is contained in either of these paragraphs.

The sole and only publication of the libel alleged in the complaint, consists of the protest made by appellant to his associates on the board of school trustees, on the occasion when the question as to whether appellee should be employed by them as a teacher in the public schools of the town of Gosport was under consideration. The written statements, which are made the basis of the action, relate to matters which it was the province of the trustees to investigate and determine. There is no averment in the complaint that either of the said defamatory expressions was ever uttered or published by appellant, or any one else, on any other occasion. The reading of the complaint discloses that the allegations relative to the revocation of the license and the loss of employment were pleaded as matters going to the question of special damages on ac-

count of the uttering of the libel by appellant to his associates in office, and did not have reference to any subsequent or different publication or utterance of the libel.

It is not alleged, in either paragraph of the complaint, that the libel, which constitutes the basis of the action, was uttered or published by appellant maliciously or without probable cause. The only allegation bearing on this subject is that appellant, "in said protest, uttered and published of and concerning the plaintiff the following false, malicious and libelous language." There is no other averment in reference to the motives or intention of appellant. His good faith is not questioned in the complaint, except to such extent as may be predicated on the charge that the language was false and malicious.

It is well understood that, for the writing of a libel under circumstances of absolute privilege, the law furnishes no redress. Odgers on L. and S., 1 Am. ed., 186; *Garr* v. *Selden*, 4 N. Y. 91.

What circumstances constitute an absolute privilege, it is not necessary to discuss, as no such question is involved in this case.

There are, however, two classes of action which may, in proper cases, be maintained for libel:

*First.* Where the occasion is not one of privilege.

*Second.* Where the occasion is one of qualified privilege. Odgers on L. and S., 1 Am. ed., 264, 186.

In the first class of cases, an action for ordinary libel, no proof of malice is required, beyond the proof of publication itself. *Klinck* v. *Colby*, 46 N. Y. 427, 7 Am. Rep. 360; Odgers on L. and S., 266, 269.

With these preliminary observations, we proceed to the consideration of the question as to whether the libel mentioned in the complaint is, under the circumstances therein disclosed, privileged, and, if so, whether the complaint is sufficient.

The law defining what are privileged communications has been long and definitely settled.

A Minnesota authority, which has been often quoted, states it thus: "The rule is that a communication made in good faith upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, public or private, either legal, moral or social, if made to a person having a corresponding interest or duty, is privileged; that in such case the inference of malice * * * is cast upon the person claiming to have been defamed." *Marks* v. *Baker*, 28 Minn. 162.

The Pennsylvania court, in an able and elaborate resume of the authorities, quotes the above with approval. *Briggs* v. *Garrett*, 56 Am. Rep. 274 (281).

The New York court, in a recent leading case, also, says: "A libelous communication is regarded as privileged, if made *bona fide*, upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, if made to a person having a corresponding interest or duty, although it contains criminating matter which, without this privilege, would be slanderous and actionable; and this, though the duty be not a legal one, but only a moral or social duty of imperfect obligation." *Byam* v. *Collins*, 111 N. Y. 143, 7 Am. St. Rep. 727.

"When a person is so situated that it becomes right, in the interest of society, that he should tell a third person certain facts, then if he, *bona fide*, and without malice, does tell them, it is a privileged communication." *Davies* v. *Snead*, 5 L. R., Q. B., 611; Townshend on S. and L., section 209; *Harrison* v. *Bush*, 5 El. and Bl. 344; Folkard's Starkie on S. and L. (H. G. Wood's Notes), section 294.

In this connection, we quote from a number of additional authorities:

"The proper meaning of a privileged communication, is said to be this: that the occasion on which it was made,

rebuts the inference arising, *prima facie*, from a statement prejudicial to the character of the plaintiff; and puts it upon him to prove that there was malice in fact, and that the defendant was actuated by motives of personal spite or ill will, independent of the circumstances in which the communication was made." *Klinck* v. *Colby, supra.*

In this same case the court also says: "But when the paper published is a privileged communication, an additional burden of proof is put upon the plaintiff, and he must show the existence of express malice."

When the communication is shown to be privileged, this fact rebuts the "inference *prima facie* arising from a statement prejudicial to the character of the plaintiff, and puts the burden upon him to prove malice in fact." Townshend on S. and L., section 209.

In discussing the libelous charge in *Klinck* v. *Colby, supra,* the court said: "The terms used are strong and plain, it is true, but if there were no actual malice, the use of plain words does not take away the privileged character of the communication. Intent makes the libel in such a case, strong words do not."

In the case of *Thorn* v. *Blanchard*, 5 Johns. 529, Clinton, Senator, in the course of his decision, uses this language:

"The case before us can not be considered as an ordinary libel, where malice is to be implied from the face of the libel. It was, at all events, incumbent on the prosecutor to prove express malice; to demonstrate that an evil intention existed; to show, in the words of Hawkins, that the petition was entirely false, malicious and groundless, and instituted not with a design to go through with it, but only to expose the defendant's character, under the show of a legal proceeding."

"Whether within the rule, as defined in these cases, a libelous communication is privileged, is a question of law; and when, upon any trial, it has been held as a matter of

law to be privileged, then the burden rests upon the plain-
tiff to establish as a matter of fact that it was maliciously
made, and this matter of fact is for the determination of
the jury." *Byam* v. *Collins, supra*; *Biggs* v. *Garrett,* 111
Pa. St. 404, 56 Am. Rep. 274, 281; *Cotulla* v. *Kerr,* 74 Tex.
89, 15 Am. St. Rep. 819.

"The communication made being *prima facie* privileged,
as is apparent, the presumption of malice does not neces-
sarily arise, and the *onus probandi* to establish malice is
upon the plaintiff. The privileged character of the com-
munication relieves the party from the malicious intent
which is usually to be presumed from the act itself; and
the action is to be regarded as governed by the same rule
as an action for malicious prosecution." *Ormsby* v. *Doug-
lass,* 37 N. Y. 477 (481); *Bradley* v. *Heath,* 12 Pick. 163,
22 Am. Dec. 419; *Lawson* v. *Hicks,* 38 Ala. 279, 81 Am.
Dec. 49; *Shurtleff* v. *Stevens,* 51 Vt. 501, 31 Am. Rep. 698;
*Marks* v. *Baker,* 28 Minn. 162; *Press Co. Lim.* v. *Stewart,*
119 Pa. St. 584.

Malice in such case is not shown by the mere fact of the
falsity of the publication. *Stewart* v. *Hall,* 83 Ky. 375.

In such cases, it is said that an action for libel is on all
fours with an action for malicious prosecution. *Briggs* v.
*Garrett, supra;* see, also, *Van Vechten* v. *Hopkins,* 5 Johns.
211, 4 Am. Dec. 339.

In the leading and well considered case of *Howard* v.
*Thompson,* 21 Wend. 319, to which we invite attention, the
rule is there stated as follows:

"An action on the case for a libel lies against a party
making a communication in writing to the head of a
department of the government, charging a subordinate
officer of such department with peculation and fraud of
various kinds, where such subordinate officer is subject to
removal by the officer to whom the communication is ad-
dressed, and the defendant acts maliciously and without
probable cause; but such action, though in form for a

Henry v. Moberly.

libel, is in the nature of an action for a malicious prosecution, and the proof to sustain it must be the same as is required in the latter action, i. e., the plaintiff is bound to show both malice and a want of probable cause."

In that case it will be noticed, the court says: "The plaintiff is bound to show both malice and a want of probable cause."

Mr. Townshend, in his valuable work on Slander and Libel, says:

"It should appear on the face of the complaint, by some appropriate averment, that the publication was made without legal excuse."

In this case the words set out in the complaint, if false, as therein alleged, are clearly libelous, unless justified, under the circumstances stated, by the privileges of the occasion. *Patchell* v. *Jaqua*, 6 Ind. App. 70, 33 N. E. Rep. 132.

Under the authorities cited, when considered in connection with the duties of school trustees of incorporated towns, which duties it is not necessary to discuss at length in this opinion, the occasion of the uttering and publication of the libelous language, which is made the foundation of the action, is shown to have been one of qualified privilege. The complaint would undoubtedly be sufficient if it was not for the facts therein stated showing such privilege. The privilege, it is true, is ordinarily a matter of defense. The word malicious, as used in the complaint, evidently applies to the matter published, and not to the act of publishing. 1 Starkie on Slander, 431; Folkard's Starkie on S. and L. (H. G. Wood's Notes), section 449.

The word malicious "Denotes merely the absence of lawful excuse; in fact, to say that defamatory words are malicious in that sense, means that they are unprivileged; not employed under circumstances which excuse them." Odgers on L. and S., 2 Eng. Ed., 270; Townshend on S. and L., 4 Ed., p. 66.

The use of the word in that sense is overcome by the statement of the facts and circumstances which show there was an excuse, in this, that the occasion for the uttering and publishing of the words in controversy was privileged.

Ordinarily, all that the plaintiff in an action for libel is required to do is to allege and prove the publication of the libelous language by the defendant concerning him. If the defendant desires to show, in his defense, that the publication was either justified or privileged, he has the right to do so. But in this case appellee, as to the privilege, has given the appellant the benefit thereof in her complaint. It is an elementary rule of pleading that the defendant is not required to interpose a defense which appears on the face of the complaint. When facts constituting a defense are averred in the complaint, it is then incumbent on the pleader to allege the further facts which avoid the defense so stated. Without any averment of malice on the part of appellant, and in the absence of facts which disclose the privilege, the complaint would, undoubtedly, have stated a good cause of action. It would not then have been incumbent on appellee, on the trial, primarily to prove express malice or malice in fact. If, in his defense, appellant had shown facts which, in the opinion of the court, disclosed that the libel was uttered and published on a privileged occasion, then the *onus*, under the authorities cited above, would have devolved on appellee to prove actual malice on the part of appellant.

We have carefully examined all of the authorities to which our attention has been called by counsel for the respective parties, and we have not found any case which is decisive of the question before us. The case is one of first impression so far as the question of pleading is concerned.

Inasmuch as appellee, in her complaint, has given appellant the benefit of the fact that the occasion was one of privilege, the vital question for our present consideration

is whether this imposed on her the duty of overcoming such fact by alleging actual or express malice on the part of appellant.

In her complaint, appellee avers that appellant published the "malicious" language quoted. This expression, without explanation, would, as we have before observed, be equivalent to saying that he so published the words without sufficient excuse. In the same connection, however, in the complaint, the facts are stated, which disclose a legal excuse, unless he was prompted by express or actual malice. Inasmuch as she has stated these facts, it appears to us, on reason and by analogy, that it was incumbent on her to allege that he acted maliciously. If he was, in fact, prompted by malicious motives, instead of a desire to discharge the duties of his office, in publishing the defamatory matter recited in his protest, he is, under the authorities, undoubtedly liable, but when appellee concedes, as she does in her complaint, the privilege under which appellant was acting on the only occasion of which she complains, it is then incumbent on her to aver facts sufficient to negative the rights which accrue to him on account of such privilege. Whether the occasion was privileged, is for the court, and on the facts pleaded the court can not do otherwise than say that the occasion in question was one of qualified privilege. In such cases, where the privilege has been shown on the trial, the courts have invariably—in numerous cases, some of which we have cited, and wherein there was no evidence tending to prove that the defendant acted maliciously, or without probable cause—ordered a nonsuit, or instructed the jury to return a verdict for the defendant; therefore, when the complaint discloses that the occasion was privileged, the allegation that the language was false and malicious is not sufficient, but in such case the complaint must further show that the defendant acted maliciously in publishing it.

In this case, in view of the averments contained in the complaint, to which reference has been made, the appellee should have further alleged, either in express terms that appellant acted maliciously, or she should have averred facts, which would have been the equivalent of such allegation.

Counsel for appellant also urge that "The complaint is also fatally defective for the other reason that it is not shown, in either paragraph, that the publication complained of was not made upon probable cause. This is as essential as that it must have been maliciously uttered, for the very facts pleaded create the presumption that it was made upon probable cause. A publication only becomes privileged in law when the facts and circumstances surrounding its utterance give rise to the presumption that it was made without malice and upon probable cause, or when it should be held so as a matter of public policy. The law can only presume that it was without malice upon the hypothesis that it was made upon probable cause."

There is force in the argument as applied to privileged publications.

Some of the authorities we have cited use the language "maliciously and without probable cause." These cases indicate that it is incumbent on the plaintiff, in an action for libel arising out of a publication made on a privileged occasion, to establish that the defendant acted both with actual malice and without probable cause. Actual or express malice is, however, in the cases we have examined, generally made the controlling question. Where there has been no malice in this class of cases, the courts have held that there was no liability.

It has been urged that it is only where the defendant acts in good faith in the discharge of a sense of duty, on an occasion which would justify it in the belief that his statement is true, which belief must be predicated on reasonable grounds, that he can invoke the privilege as a complete de-

fense, and, therefore, it is insisted, when the privilege is shown, that the burden is cast on the plaintiff to negative the presumption which the privilege raises in behalf of the defendant.

In this connection it is proper to say there may be cases in which, notwithstanding actual malice, there is probable cause for the publication by one person of what proves to be false and defamatory words concerning another.

If the last suggestion is correct, actual malice would not necessarily, in all such cases, be the controlling question. The query, therefore, naturally arises whether, in order to constitute actionable libel on account of a publication which is shown, on the face of the complaint, to have been made only on a privileged occasion, it requires, among other necessary averments:

*First.* That the publication was false and malicious.

*Second.* That it was prompted by actual malice on the part of the author.

*Third.* That it was made without probable cause.

What we have said in reference to the question of probable cause has been in the nature of suggestions, as the decision thereof is not necessary to the determination of this appeal.

Counsel for appellee have pressed upon our consideration many cases decided by our own Supreme Court in which the averments are similar to those relied on in this case. The complaints in those cases were sustained, although there was no allegation therein of actual or express malice. The decisions in the cases referred to are correct, but they do not apply to this case. What we have heretofore said fully disposes of this contention. It did not appear in any of those cases, so far as we have been able to discover, on the face of the complaint, that the libelous language was published on a privileged occasion.

Our conclusion is that, for the reasons stated, the court

below erred in overruling the demurrer to each paragraph of the complaint.

Judgment reversed, with instructions to sustain the demurrer to the complaint, with leave to amend, and for further proceedings not inconsistent with this opinion.

Filed April 12, 1893.