PRUDENTIAL LIFE INSURANCE COMPANY OF
AMERICA *v.* SPEARS.

[No. 18,475.   Filed April 27, 1954.   Rehearing denied May
28, 1954.   Transfer denied October 4, 1954.]

*George H. Oswalt, William B. Weisell, Slaymaker,
Locke & Reynolds,* of Indianapolis, for appellant.

*Walter C. Reese* and *Sumner Terry,* of Shelbyville, for appellee.

KELLEY, J.—The deceased husband of the appellee was an employee of the appellant in the capacity of insurance solicitor, salesman, and debit collector. He suffered an accident which resulted in his death.

From an award of compensation to appellee by the Full Industrial Board, the appellant appeals, assigning that the finding of the Board is contrary to law.

The sole question presented is the correctness of the finding of the Board that decedent's injuries from which he died arose out of and in the course of the admitted employment with appellant.

The record discloses undisputed evidence that on the day of the accident, the decedent had made collections of debit insurance accounts in and about the vicinity of the accidental occurrence; that he carried with him a debit account book; that he parked his automobile in front of the home of one of his account debtors which was across the street from a cabinet company; a loading dock of the cabinet company faced toward the home of said debit debtor and was located some ten feet from the curb of the street; in the space between the street curb and the loading dock a small delivery truck was parked, parallel with the dock; upon parking his car, the decedent did not go directly into the home of his account debtor but later appeared in the cabinet company building; there, insofar as the evidence shows, the decedent was seen by but one person, namely, the supervisor, whom decedent touched on the shoulder and asked if he could have a piece of the hard maple wood, expressing the thought that it would make a good knife handle; upon receiving the piece of wood, decedent turned away and the supervisor continued with his work; shortly thereafter, the supervisor looked out

through the loading door toward the delivery truck and saw decedent's leg disappear over the opposite side of the truck, as if he had fallen; the supervisor went out and discovered that decedent had fallen off the truck to the ground and he, the supervisor, assisted decedent to his feet and asked if he was hurt; decedent replied in the negative and at that time another person drove up in an automobile, started talking to decedent, and the supervisor returned to the factory building. There is evidence that decedent had and carried his account debit book with him at the time of his fall.

Decedent next appeared in the home of his said account debtor, made his collection and left. Later in the morning of the same day, the decedent was attended at his home by a physician. A few days later the decedent died admittedly from the injuries sustained as a result of his fall. There appears no evidence that anyone saw decedent go to or into the cabinet company building or that decedent talked to or was seen by anyone, other than said supervisor while he was in said building. There is also an absence of any evidence that anyone in or about the cabinet company building was a customer of the decedent or his employer, the appellant; or that decedent talked to or solicited anyone there about or for insurance. The only evidence in the record indicating decedent's mission and purpose in going into the cabinet factory quarters was that he inquired for and received a small piece of wood which he said would make a good knife handle.

Appellee admits that the decedent deviated from his employment, but contends that it started at the moment he touched the supervisor on the shoulder and asked for the piece of wood and ended when he left the supervisor; that, therefore, at the time of the fall, decedent was again in the course of his em-

ployment. Appellant contends that the deviation started when decedent left his automobile and that it did not end until he returned across the street at the home of his debit debtor.

The onus of proving that decedent's accident arose out of and in the course of his employment rested upon appellee.

The finding of the Industrial Board based upon competent evidence of probative value, or upon reasonable inferences permissible therefrom, is conclusive and binding upon us. But such inferences must be predicated upon something more than mere conjecture or surmise. *McCoy* v. *General Glass Corporation* (1938), 106 Ind. App. 116, 120, 17 N. E. 2d 473.

We find nothing in the record before us to establish, or from which it could be reasonably inferred, that decedent's said personal mission involved acts necessary to his life, comfort, or convenience.

Nor do we perceive from the record any circumstances rendering reasonable a presumption of continuity of employment activity. The uncontradicted evidence, in our opinion, does not show that decedent was engaged in his work, at a place where he was required to be, and at a time when he was required to be there. Further, there appears to us no evidence to establish a causal connection between decedent's employment and the accident.

We are of the opinion that the record is devoid of any evidence to sustain the finding made by the Board. Consequently, there is no sufficient finding to support the award.

Award reversed.

NOTE.—Reported in 118 N. E. 2d 813.