HENDERSON *v.* EVANSVILLE PRESS, INC.

[No. 18,864. Filed May 28, 1957. Rehearing denied June 28, 1957. Transfer denied September 17, 1957.]

594

*Rice & Cheatham, Marion J. Rice, Bert C. Cheatham, Jack N. Van Stone,* and *Charles E. Henderson, pro se,* all of Evansville, for appellants.

*Isidor Kahn, Harry P. Dees, Arthur R. Donovan, Robert Kahn, Willard D. Shrode,* and *Kahn, Dees, Donovan & Kahn* (of Counsel), all of Evansville, for appellee.

KELLEY, P. J.—Action to recover damages for libel. Demurrer to complaint was sustained.

The appellant instituted action against appellee to recover damages alleged to have been suffered by him personally and in his profession as an attorney, resulting from the publication of an asserted libelous communication made by the Judge of a Circuit Court and published by appellee in its newspaper, Evansville Press.

The material parts of the complaint, twice amended, were, in substance, as follows: That appellant, on March 13, 1954, was a duly licensed, practicing attorney in Vanderburgh County, Indiana; that the appellee publishes a newspaper (Evansville Press) with daily circulation in Vanderburgh and three neighboring counties; that on March 13, 1954, appellee published on the front page of its newspaper "an article of news" which we quote from appellant's brief:

"REEVES SAYS LAWYER'S PLEA FOR SPECIAL JUDGE 'SHYSTERISM.'

"Circuit Judge Ollie C. Reeves today termed a lawyer's request for a special judge in a case scheduled for trial by jury on Monday as 'One of the lowest forms of shysterism.' The rebuke, one of the strongest court attaches could recall, was made against Attorney Charles E. Henderson. Request for a jurist to replace Judge Reeves was made in writing and signed by Alson H.

Elder, 39, whose trial on a second degree burglary, has been set for Monday. Elder, 1430 W. Franklin St., claimed he had discovered only Friday that Judge Reeves would be prejudiced in his case. To Judge Reeves' blast, Mr. Henderson reported that a continuance had been denied. But Judge Reeves said that wasn't so. He said Mr. Henderson's law partner declined to file a motion for continuance and had added that the defendant was prepared to try the case Monday. He said this took place Thursday. Mr. Henderson said that wasn't his understanding. 'Just recently I was prepared to try a case and the state, on the day of the scheduled trial, asked and was granted a continuance without any notice having been given to me,' he added. Prosecutor Paul Wever rose and said that he asked for a continuance on that occasion because an important witness hadn't been summoned through no fault of his. Under Indiana's change of venue law, a last-minute request for a special judge must be granted if the defendant only then learns of a judge's prejudice. Judge Reeves granted Mr. Henderson's request, and Attorney William Welborn was selected to hear the same. He did not accept today, and the 24 jurors that were to have heard the case Monday are to be notified that the trial is postponed."

that said words and phrases contained in said article are libelous, slanderous, false, and defaming to appellant, as an individual and a practicing attorney and member of the bar of the State of Indiana; that said publication was made by appellee with malice toward appellant; that at the time said statements were made by said Ollie C. Reeves, the latter had no jurisdiction of the case then pending before him "due to the fact that a change of venue in proper form had been immediately filed in that case"; that said article was not a "fair and true report of any legal proceedings whatsoever, but was an exaggerated and sensational article concerning statements of Judge Ollie C. Reeves . . . which statements were completely unrelated to any

legal issues before said Judge"; that as the result of said publication appellant was damaged in excess of $100,000.00.

The real question presented by appellee's demurrer is whether the complaint on its face states facts which establish that appellee's publication or news article was made on an occasion of privilege and, if so, whether advantage thereof is available to appellee on demurrer.

The complaint alleges that the "words and phrases" contained in the newspaper article are "libelous, slanderous, false and defaming" to appellant. The ■ memorandum to appellee's demurrer asserts that the complaint on its face shows the article is not libelous or defamatory of appellant "because the article does not say or quote the said Judge as saying that the plaintiff was a shyster or guilty of shysterism." The article, as set forth in the complaint, states that the Judge "termed" a lawyer's "request" for a special judge as "One of the lowest forms of shysterism" and that the "rebuke" was made "against" the appellant, by name.

The language reported is plain and unambiguous and susceptible of only one construction. Therefore, the meaning and construction of the language used, and whether or not it is defamatory, is a question of law for the court. 53 C. J. S., Libel & Slander, p. 335, §223. It becomes necessary to make such determination, for if the language reported is not libelous or defaming, then it is evident that the complaint does not state a cause of action for libel. *Snavely* v. *Booth* (1935), 6 W. W. Harr. 378 (Del.), 176 A. 649; *Corbett* v. *American Newspapers* (1939), 1 Terry 10 (Del.), 5 A. 2d 245; *Lewis* v. *Daily News Co.* (1895), 81 Md. 466, 32 A. 246; *Hughes* v. *New England Newspaper Pub. Co.* (1942), 312 Mass. 178, 43 N. E. 2d 657.

In practical contemplation, to say that a lawyer's request for a change of venue or his act of filing an affidavit (request) for a change of venue is a form of shysterism is an imputation that in so doing he is resorting to the practices of a shyster. A "shyster," as applied to an attorney, in common understanding means that he is an unscrupulous practitioner who will carry on his legal work in a dishonest way and will resort to sharp and tricky practices to achieve his end and purpose. To charge an attorney with being a shyster is defamatory and libelous *per se, Bailey* v. *Kalamazoo Pub. Co.* (1879), 40 Mich. 251; *Gribble* v. *Pioneer Press Co.* (1885), 34 Minn. 342, 25 N. W. 710, and to charge that his certain request or act made or done in court in connection with a legal action therein is a form of shysterism is, we think, no less defamatory and libelous.

Ordinarily, the defense of privilege is not available on demurrer. 53 C. J. S., Libel and Slander, page 285, §182b; 51 A. L. R. 2d (Anno.) 557, et seq., §4(a) and (b), citing *Henry* v. *Moberly* (1893), 6 Ind. App. 490, 33 N. E. 981. However, where the complaint on its face sets forth all the facts essential to the defense of privilege, the issue may be raised by demurrer. 53 C. J. S., Libel and Slander, p. 286, §182b; 51 A. L. R. 2d (Anno.) 558 et seq., §4(a). Whether the facts set forth in a complaint show that the occasion of the alleged libel was one of privilege is for the court, *Henry* v. *Moberly, supra,* and the determination thereof involves primarily questions of substantive law.

The complaint now before us contains, we think, fact allegations sufficient to show that appellee, on March 13, 1954, published on the front page of its newspaper an article of news embodying a statement by a named "Circuit Judge" that a lawyer's request

for a special judge in a case scheduled for jury trial "on Monday" was "One of the lowest forms of shysterism" and that such statement, referred to in the news article as a "rebuke," was made against appellant. It is further alleged that the "words and phrases" in the news article, which would, of course, include the said statement of the "Circuit Judge," were libelous of and defaming to appellant; that at the time said statement was made said Judge had no jurisdiction of the case pending before him "due to the fact" that a change of venue in proper form had been "immediately" filed in "that" case; that the news article was not a "fair and true" report of any legal proceedings, but was "exaggerated and sensational" concerning the statement of the said judge; that the statement was "completely unrelated to any legal issues" before said judge; and that "the publication" of the news article was made "with malice" toward appellant.

The news article referred to has been heretofore set forth in *haec verba* as it appears in the complaint. It is obvious from the tenor of the whole complaint that unless the news article itself affords the facts essential to the claimed privilege, the demurrer is not well taken. In the progress of our opinion it must be firmly remembered that we are confined solely to the facts as stated in the complaint and that no intendments can be drawn therefrom in favor of the demurrer, which, for the purpose thereof, admits all well pleaded facts and all reasonable and logical intendments arising from the facts alleged, *Walker et al.* v. *Ellis* (1955), 126 Ind. App. 353, 129 N. E. 2d 65, 67, and the facts to be as alleged. *Swafford et al.* v. *Kitch* (1875), 51 Ind. 78, 80.

In order for the complaint to establish in appellee the defense of privilege in publishing the news article,

it must appear, among other essentials, that the "Circuit Judge" made the alleged communication in the course of his official duties and while in the exercise of a judicial function, and that the report presents fully, fairly, and accurately an impartial account of the judicial proceedings. 53 C. J. S., Libel and Slander, p. 205, §127a, note 95.

Appellee contends that "The report . . . shows on its face that it was a true, full, fair and impartial account of the proceedings." But we have difficulty in fully appreciating this proposal. That part of the news article which reads: "The rebuke, one of the strongest court attaches could recall, was made against Attorney Charles E. Henderson" does not appear to be any part of the judicial proceeding nor does it lend weight to a claim of impartiality. The quoted portion, while not libelous of appellant, would most certainly tend, in the mind of the reader, to accentuate the alleged defamatory statement contained in the report by indicating that it was of such importance that court attaches could remember no stronger "rebuke." The natural implication is that appellee made inquiry of the court attaches to secure the information supplied.

It is judicially known that the 13th day of March, 1954, fell on Saturday. The complaint alleges the news article was published by appellee on that date. The news article reported that the Judge made the reported statement "today," which, as noted, was Saturday. The date on which the "request" for change of venue was made is not established by the news report, the time of the Judge's alleged communication, with relation to the time the reported special judge "request" may have been made, is not stated, and whether the offensive communication was made in or out of the court room, or while the Judge was in the course of his official duties and in the exercise of a judicial

function does not appear. It is reported in the news article that the request for a special judge was granted by the Circuit Judge but the time of the granting thereof, with relation to the time the request therefor may have been made, is not disclosed.

The suggested matters assume importance in view of the complaint allegations that the Judge had no jurisdiction of the case because a change of venue had been "immediately" filed, and that the statement was "completely unrelated to any legal issues" before the Judge. The uncertainty and incompleteness of the news report, in the light of the complaint allegations, leads to the conviction that an absolute privilege in appellee is not shown by a fair consideration of the material averments of the complaint and that whether the news article published by appellee was a full, fair, true, and impartial report of a judicial proceeding is not apparent from the face of the complaint.

In *Henry* v. *Moberly, supra,* it was held that a complaint disclosing that the libel complained of was made on an occasion of qualified privilege was not good as against demurrer *in that it failed to allege that the act of publishing the libel was maliciously done.* There the complaint alleged that the defendant published of and concerning the plaintiff the following "false, malicious and libelous language." The court said: "when the complaint discloses that the occasion was privileged, the allegation that the language was false and malicious is not sufficient, but in such case the complaint must further show that the defendant acted maliciously in publishing it," and reversed the cause with instructions to sustain the demurrer. The author of the referred to annotation in 51 A. L. R. 2d 552, on page 561 cites the Moberly case in support of the stated proposition on page 560 that it has frequently been

held that where the complaint shows only that the publication was upon an occasion of qualified privilege, and affirmatively alleges that it was made maliciously, the issue of privilege is not available on demurrer.

The complaint here involved alleges that the "publication" of the news article was made by appellee "with malice" toward appellant. By fair intendment said allegation states that the act of publishing the report in appellee's newspaper was malicious. This meets the defect found in the complaint considered in the said Moberly case. Now if the news report, as set forth in the complaint, had been of such definiteness as to amount only to an impartial account of a legal proceeding in the court, unassisted by any pertinent extraneous comment or observation by appellee, and showing that the Judge who allegedly uttered the reported libel did so in the due course of his official acts, appellee's claim that the absolute privilege of the judicial officer extends an "umbrella of protection" over appellee would merit serious consideration. If an absolute privilege was disclosed by the complaint, it seems that a proper demurrer would be available, for no right of action would accrue from the communication. *Cadle* v. *McIntosh* (1912), 51 Ind. App. 365, 370, 99 N. E. 779; *Mundy* v. *McDonald* (1921), 216 Mich. 444, 185 N. W. 877.

Protection, in the form of a privilege, is generally accorded a newspaper reporting a judicial proceeding upon the basis of the public interest in that which pertains to the proper administration of justice. It is evident that the alleged defamatory statement of the Judge of the court, as set forth in the complaint, was, of itself, no part of a judicial proceeding but if it was made by him while in the due course of his official acts the public welfare requires that a mantle of protection be thrown about him.

This is accomplished by extending to him absolute immunity from civil liability for defamatory matter published by him at the time and on the occasion of the performance of the particular judicial function in the course of his official duty.

The news article published by appellee, as it appears in the complaint, does not make it apparent that the statement of the judicial officer was made at the time and on the occasion of the performance of his particular judicial function in the course of his official duty. The news article, of course, must be considered as a whole in the determination of the matter at hand. So viewing the same, we think it fairly appears therefrom that appellant, as attorney, at an undisclosed time, made request for a special judge to hear the case of Alson H. Elder. But the weakness of the news article, when considered in connection with the propriety of appellee's demurrer to the complaint on the claim of disclosure therein of a privilege in appellee, lies in its failure to disclose that the Judge's statement was made at the time he had under consideration the request for a special judge, if such be the fact. For aught that appears from the published report, said statement could have been made elsewhere than in the judicial forum and subsequent to the disposition of the request for special judge. It follows that the complaint is not amenable to appellee's demurrer on the basis that the same discloses all the essentials of a defense of qualified privilege in appellee.

Appellee has presented a splendid brief of its several contentions and has exhibited the results of much research in support thereof. As to the facts stated in the complaint, however, it seems that appellee draws heavily from implications and assumptions deemed afforded by the reported news item. For instance, it is said in the brief that "the

article related everything that transpired in the court room . . . from the time the appellant presented his written motion for a change of venue . . . ." It seems reasonable to say that it cannot be determined from the "article" itself that all that transpired was related therein. Only the evidence can establish that fact. Also, it cannot be determined from the "article" that the Judge's statement was in fact made in the court room. The article does not state or show that appellant either "presented" a motion of any kind or that it was a "written" motion.

To the mind of those versed in the law and those acquainted with the ordinary phases of legal procedure, the article may very well have imported the situation attributed thereto by appellee. But to others of lesser or no acquaintance with proceedings in a legal forum, the article, without explanation, would no doubt have conveyed the impression that this appellant, in making a late request for "a jurist to replace Judge Reeves," had indulged in "One of the lowest forms of shysterism" and that this was one of the strongest rebukes of an attorney that the court attaches could recall.

Appellee again says: "In the case at bar the remarks of the judge were made during the course of a judicial proceeding by the judge actually presiding in the case *while he was on the bench.*" It seems difficult to extract from the published article, as published, that the remark was made during the course of a judicial proceeding or while the judge *was on the bench.* Other allegations of the complaint do not aid the news article in this regard but, in fact, allege that the remark of the judge was completely unrelated to "any legal issues before said Judge." Further, appellee says that "while such petition was pending before the Judge and *before he had granted the change of venue"* the Judge made the statement referred to. The article

seems devoid of any reference to whether the statement was made before or after the grant of the requested change. We find other conclusions in appellee's brief which, in our opinion, do not appear on the face of the complaint. As we have previously said, the form and tenor of the complaint herein is such that the issue of privilege, which constitutes the basis of the demurrer, must appear in the main from the news article published by appellee and set forth in the complaint. In determining the principal question, we are disinclined to the view that essential facts not made apparent by the complaint and the news article can be supplied by implication, assumption, or intendment in order to erect from the complaint a privilege which will be available on demurrer.

We pause again to impress that on this occasion we consider only the facts as they appear on the face of the complaint with relation to its subjectibility to the considered demurrer upon the basis advanced. We lend no thought and tender no rule nor observation bearing upon any proceedings or evidence which may be taken or proferred under any plea of defense of privilege.

It is our conclusion that the complaint herein is not subject to the demurrer addressed thereto and that the court erred in sustaining the same.

Judgment reversed, with instructions to overrule the demurrer to the complaint and for further proceedings.

NOTE.—Reported in 142 N. E. 2d 920.