MRS. CLARA (BURNS) PUCKETT *v.* MRS. CAROLYN MCKINNEY (WIFE), MR. ROBERT MCKINNEY (HUSBAND)

[No. 2-1176-A-438. Filed March 21, 1978.]

*James L. Puckett, Sr.,* of Indianapolis, for appellant.

*Peter DePrez,* of Shelbyville, *Phillip R. Correll,* of Indianapolis, for appellees.

### CASE SUMMARY

BUCHANAN, J. — Plaintiff-Appellant, Clara Puckett (Puckett) appeals from a judgment on the evidence in an action for defamation of character and interference with contractual expectancy brought by her against Defendants-Appellees, Robert and Carolyn McKinney, claiming the defense of qualified privilege was waived and the judgment on the evidence for Robert McKinney (McKinney) was improper.

We affirm.

### FACTS

The facts and evidence most favorable to the trial court's judgment are:

Puckett was employed as a teacher at Triton North Elementary School in the Northwestern Consolidated School District of Shelby County during the years 1967 through 1971. She alleged that McKinney, in his capacity as principal, purposefully denied her sufficient teaching supplies, materials, textbooks, lunch and afternoon milk, a steel cabinet, and reading readiness tests.

McKinney informed the school board that Puckett was "emotionally disturbed" and recommended non-renewal of her contract for 1971-1972. The school board followed McKinney's recommendation and on April 27, 1971, Puckett was notified that her contract would not be renewed.

Puckett brought action for defamation of character and interference with contractual expectancy and McKinney answered with a qualified general denial. Evidence was admitted without objection, establishing McKinney's duty to evaluate teachers and make recommendations to the school board regarding their continued employment.

In stating her qualifications as a teacher Puckett testified, *inter alia*, that she had earned a master's degree in school administration and supervision.

The matter was tried before a jury and at the conclusion of Puckett's evidence the trial court sustained a motion by Carolyn McKinney for judgment on the evidence. McKinney then rested without presenting evidence and tendered a motion for judgment on the evidence.

The trial court found that statements by a principal to the school board in evaluation of a teacher are protected by privilege and that a burden is placed on the teacher to introduce evidence of malice to defeat the privilege. It further ruled as a matter of law that there was no evidence of malice in the record and therefore sustained McKinney's motion.

### ISSUES

The errors alleged by Puckett may be resolved as two issues:[1]

1. Did McKinney waive the defense of qualified privilege by failure to plead the defense affirmatively?

2. Did the trial judge err in granting judgment on the evidence in favor of McKinney?

Puckett contends that qualified privilege must be affirmatively pleaded and, therefore, the defense was waived by McKinney's

---

1. Our finding of privilege negates the argument made by Puckett regarding interference with contractual expectancy. As stated in *Helvey v. O'Neill* (1972), 153 Ind. App. 635, 288 N.E.2d 553:

Liability for interference with contractual relationships results only if there was an intentional interference *without justification* or cause with an intention to do wrongful harm or injury. (citation omitted) (emphasis added)

*Id.* at 645, 288 N.E.2d at 559.

qualified general denial. McKinney's reply is that the qualified privilege defense may be raised by a general denial.

Secondly, Puckett maintains that the trial court erred in granting judgment on the evidence because malice was shown, to which McKinney replies that there was no evidence of malice, and, therefore, judgment on the evidence was proper.

### ISSUE ONE—PRIVILEGE

*CONCLUSION* — McKinney did not waive the qualified privilege defense because this issue was tried by the implied consent of the parties resulting in its being treated as if raised by the pleadings.

It is true Trial Rule 8(C)[2] of the Indiana Rules of Procedure imposes the burden of pleading and proving any matter of avoidance on the defendant. However, Trial Rule 15(B) provides an escape hatch. If the issue is tried by the implied consent of the parties it is treated as if raised by the pleadings.[3] Case law is to the same effect. *Indianapolis Transit System, Inc. v. Williams* (1971), 148 Ind. App. 649, 269 N.E.2d 543, held:

> Either party may timely demand strict adherence to the predetermined route [pleadings] or, if deviation is permitted, the time necessary to prepare to meet the new issue. But when the trial has ended without objection as to the course it took, the evidence then controls.

*Id.* at 658, 269 N.E.2d at 550.

---

2. TR. 8(C) reads in pertinent part:

A responsive pleading shall set forth affirmatively and carry the burden of proving: Accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, lack of jurisdiction over the subject-matter, lack of jurisdiction over the person, improper venue, insufficiency of process or service of process, the same action pending in another state court of this state, and any other matter constituting an avoidance, matter of abatement, or affirmative defense....

3. TR. 15(B) reads in pertinent part:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . .

The defense (issue) asserted by McKinney at trial was that communications about Puckett made by him fall within the general rule that a communication is protected as privileged if made in good faith upon a subject in which the communicating party has a duty and is made to a party having a corresponding duty. *Indianapolis Horse Patrol, Inc. v. Ward* (1966), 247 Ind. 519, 217 N.E.2d 626; *Knight v. Baker* (1977), 173 Ind. App. 314, 363 N.E.2d 1048; *Weenig v. Wood* (1976), 169 Ind. App. 413, 349 N.E.2d 325; *Cadle v. McIntosh* (1912), 51 Ind. App. 365, 99 N.E. 779; *Henry v. Moberly* (1892), 6 Ind. App. 490, 33 N.E. 981.

The evidence of McKinney's duty to evaluate Puckett and make recommendations to the school board regarding her continued employment tended to establish a qualified privilege, and this evidence was admitted without objection by Puckett. Thus it may fairly be assumed the issue was tried with the implied consent of the parties.

### ISSUE TWO—JUDGMENT ON THE EVIDENCE

*CONCLUSION* — The trial court did not err in granting judgment on the evidence because there was no evidence of malice.

Upon a showing of qualified privilege, the burden is shifted to the plaintiff to prove malice and the malice must relate to the actual publication of the defamatory statement. *Brockman v. Detroit Diesel Allison Div.* (1977), 174 Ind. App. 240, 366 N.E.2d 1201; *Knight v. Baker, supra.*

In essence, malice is the speaker's abuse of the privileged occasion by going beyond the scope of the purposes for which the privilege exists. *Knight v. Baker, supra; Weenig v. Wood, supra; Henry v. Moberly, supra.*

*Prosser*, in LAW OF TORTS § 115 at 796 (4th ed. 1971) puts it this way:

> Once the existence of the privilege is established, the burden is upon the plaintiff to prove that it has been abused by excessive publication, by use of the occasion for an improper purpose, or by lack of belief or grounds for belief in the truth of what is said.

The evidence of so called malice pointed to by Puckett was twofold. The first related to certain episodes involving denial of certain supplies and equipment but they occurred during the school year and were not shown to relate to the allegedly defamatory statement. *See Brockman v. Detroit Diesel Allison Div., supra; Knight v. Baker, supra.*

Secondly, Puckett claims the evidence raises a reasonable inference of malice on McKinney's part because his job as principal was in jeopardy due to her testimony that she held a master's degree in school administration and supervision. However,

the reasonableness of an inference is determined by whether the inferred fact is a *probable* hypothesis from the proven facts and circumstances in light of common knowledge and experience. *See, Samora v. Bradford*, 81 N.M. 205, 465 P.2d 88, 90 (1970); *Lambe v. Reardon*, 69 N.J. Super. 57, 173 A.2d 520, 525 (1961); 36 *Words and Phrases, supra*, [Reasonable Inference (1962), Suppl. 1975)]. *Cf. Harrison v. Daniels* (1970), 147 Ind. App. 666, 672, 263 N.E.2d 288; *Taylor v. Fitzpatrick, supra*, [(1956), 235 Ind. 238, 132 N.E.2d 919]; *Magazine v. Shull, supra*, [(1945), 116 Ind. App. 79, 60 N.E.2d 611]; *Cleveland, etc. R. Co. v. Starks* (1914), 58 Ind. App. 341, 356, 106 N.E. 646. Conversely, an unreasonable inference is one that is *not* probable . . . not likely to be true . . . given the proven facts and circumstances in light of common knowledge and experience. *See, Pavach v. State* (1971), 149 Ind. App. 293, 306-7, 271 N.E.2d 896 (dissenting opinion by J. Sullivan); *Marshall v. Tribune-Star Publishing Co., Inc.* (1968), 142 Ind. App. 556, 563, 236 N.E.2d 508; *Kestler v. State* (1949), 227 Ind. 274, 308, 85 N.E.2d 76 (dissenting opinion by J. Gilkison). An unreasonable inference results in action that is arbitrary or capricious and which is based on speculation, guess, surmise, conjecture or mere possibility. *See, Dudley Sports Co. v. Schmitt* (1972), 151 Ind. App. 217, 230, 279 N.E.2d 266; *A.S.C. Corporation v. First National Bank of Elwood* (1960), 241 Ind. 19, 26, 167 N.E.2d 460; *Prudential Life Insurance Company v. Spears* (1954), 125 Ind. App. 21, 24, 118 N.E.2d 813; *Rohlwing v. Wm. H. Block Company* (1953), 124 Ind. App. 97, 102, 115 N.E.2d 450; *Mishawaka Rubber & Woolen Mfg. Co. v. Walker* (1949), 119 Ind. App. 309, 314, 84 N.E.2d 897; *Kestler v. State, supra*. "The only kind of an inference recognized by the law is a *reasonable* one". *Parker v. Great Atlantic & Pacific Tea Co.* (N.D. Ind. 1957), 146 F.Supp.

871, 873.

*DeMichaeli & Associates v. Sanders* (1976), 167 Ind. App. 669, 340 N.E.2d 796, 803-04.

The *only* evidence as to any purported job competition was Puckett's testimony that among her other qualifications as a teacher was a degree in school administration and supervision. To jump from that naked statement to competition between Puckett and McKinney for the principal's job is to engage in semantic legerdemain. To do so is pure speculation, guess, or surmise. It requires one to hypotehcate that which is not probable in the light of common knowledge and experience, i.e., a teacher holding a degree in school administration and supervision so threatens the job security of the school's principal that he acts in bad faith against her. Any such inference is unreasonable as a matter of law. *See DeMichaeli & Associates v. Sanders, supra; Dudley Sports Co. v. Schmitt, supra; Prudential Life Insurance Co. v. Spears, supra.*

Affirmed.

Sullivan, J. concurs.

Lybrook, P.J. (by designation) concurs.

NOTE — Reported at 373 N.E.2d 909.