Daniel G. CUSTER, Appellant–Defendant,

v.

PLAN COMMISSION OF the CITY OF GARRETT, Indiana, Appellee–Plaintiff.

No. 17A05–9711–CV–476.

Court of Appeals of Indiana.

Sept. 30, 1998.

**794**

Bradley Kim Thomas, Thomas & Thomas, Waterloo, for Appellant–Defendant.

Gerald M. McNerney, Butler, for Appellee–Plaintiff.

## OPINION

MATTINGLY, Judge.

Daniel Custer appeals an order of the DeKalb Circuit Court that he remove a garage he constructed on his property or, in the alternative, pay a fine of $18,275.00 Custer raises a single issue, which we restate as whether a city may bring an action outside the two-year statutory limit to enforce a municipal ordinance when the defendant does not raise the time limit as an affirmative

---

1. The City's planning director testified that Custer's second application was denied because Custer and the City were involved in other litigation. R. at 119.

defense but instead asserts it as a basis for a motion for judgment on the evidence.

We reverse.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the trial court's judgment are that on January 29, 1993, Custer applied to the City of Garrett (the City) for, and was granted, a permit to build a new garage on his property. The garage was to be constructed on an existing foundation where a garage had previously been located. The permit expired after one year. Custer did not start construction on the garage during that year.

In March of 1994, when Custer requested another permit to build the garage, his request was denied.[1] In May or June of 1994, Custer began building the garage anyway. The City learned by June 30, 1994 that Custer had begun construction. On August 7, 1996, the City ordered Custer to remove his garage because it had been constructed without a permit. When Custer did not remove the garage, the City filed suit.

After the City presented its case-in-chief, Custer moved for a judgment on the evidence premised in part upon the City's failure to bring the action within two years after the violation occurred. The trial court denied the motion and found for the City. In an amended judgment issued after Custer's Motion to Correct Error, the court ordered Custer to remove the garage or to pay a fine of $18,275.00.

## DISCUSSION AND DECISION

The trial court erred when it denied Custer's motion for judgment on the evidence.[2] The City brought its action under Indiana Code Section 36–1–6–2, which authorizes a municipal corporation to enforce ordinances it has the power to adopt. That section states that if a condition violating a municipal ordinance exists on real property, the municipal corporation may take appropriate action

---

2. We note that while this allegation of error is the focus of Custer's brief, the City does not address it except to make the unsupported assertion that even if the City's action is barred by its delay, it may still assess a fine against Custer.

to bring the property into compliance. More specifically, a municipal corporation may bring a civil action to enjoin a person from violating an ordinance regulating or prohibiting a condition or use of property, or from engaging in conduct without a license if an ordinance requires a license. Ind.Code § 36–1–6–4.

■ According to Indiana Code Section 36–1–6–3, a proceeding to enforce an ordinance "must be brought in accordance with" Indiana Code Chapter 34–28–5.[3] The pertinent provision of Chapter 5 states that an action under that chapter "must be brought within two (2) years after the alleged conduct or violation occurred." Ind.Code § 34–28–5–1(c)(2).[4] The trial judge noted that the City had not brought its action in a timely manner. However, he decided that Custer's assertion that the action was barred by the delay was an affirmative defense and thus had been waived because Custer failed to raise it in his responsive pleadings.

■ Indiana Trial Rule 8(C) provides that "[a] responsive pleading shall set forth affirmatively and carry the burden of proving . . . statute of limitations. . . ." The trial court found that Custer waived the defense because he did not raise it until his motion for judgment on the evidence. It is generally true that an affirmative defense is waived by failure to raise it in the pleadings. *See Uebelhack Equip., Inc. v. Garrett Bros., Inc.,* 408 N.E.2d 136, 140 (Ind.Ct.App.1980) (affirmative defense of statute of frauds was waived when it was not raised until a motion for judgment on the evidence).

■ However, Indiana Trial Rule 15(B) "provides an escape hatch. If the issue is tried by the implied consent of the parties it is treated as if raised by the pleadings." *Puckett v. McKinney,* 175 Ind.App. 673, 676, 373 N.E.2d 909, 911 (1978). In *Puckett,* we decided that the defendant had not waived the affirmative defense of qualified privilege even though he did not assert it in the pleadings. Evidence which tended to establish a qualified privilege was elicited at trial and was admitted without objection by the plaintiff. Thus, we held, "it may fairly be assumed the issue was tried with the implied consent of the parties." *Id.* at 677, 373 N.E.2d at 911.

Similarly, evidence was presented during Custer's trial that the City knew on June 30, 1994, that Custer was in violation of the ordinance, but that the City did not notify Custer of the violation or commence this action for more than two years after that date. That evidence was not disputed, nor did the City object to its admission. As a result, as in *Puckett,* we may fairly assume the issue was tried with the implied consent of the parties. It was not waived by Custer's failure to raise it in his responsive pleading, and the trial court erred by failing to grant Custer's motion for judgment on the evidence. The trial court's judgment is reversed.

NAJAM and FRIEDLANDER, JJ., concur.

---

3. At the time this action was brought against Custer, enforcement actions were governed by Indiana Code Chapter 34–4–32. The relevant portion of that chapter is unchanged.

4. In an apparent attempt to avoid the requirement that actions be brought within two years, the City asserts, without argument or citation to authority, that this code section was not intended to cover the granting and issuing of injunctions.

Because the City's assertion is not supported by cogent argument, we are unable to address it on appeal. *See* Ind. Appellate Rules 8.3(A)(7), 8.3(B). Even if we could address that assertion, we would decline to hold that the City's request for an injunction against Custer was necessarily outside the category of "[a]n action to enforce an ordinance" governed by Section 34–28–5–1 and subject to the two-year restriction.